UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

---

| | |
|---|---|
| **LOUIS JAMES,** )<br>)<br>Petitioner, )<br>v. )<br>)<br>**UNITED STATES OF AMERICA,** )<br>)<br>Respondent. ) | Case No. 09-CV-2272 |

## **OPINION**

On November 12, 2009, this court received a document entitled "Motion to Vacate Unconstitutional Conviction" from Petitioner, Louis James. Petitioner included the case number of his criminal case, 04-20025, on the document. In that case, Petitioner was sentenced on February 9, 2005, to a term of 360 months in the Federal Bureau of Prisons.[1] Petitioner argued that his conviction must be vacated because of unconstitutional acts on the part of the Government.

This court initially notes that "[o]nce a district court enters a final judgment (which in a criminal case means the sentence) it lacks jurisdiction to continue hearing related issues, except to the extent authorized by statute or rule." United States v. Campbell, 324 F.3d 497, 500 (7th Cir. 2003) (Easterbrook, J., concurring). Petitioner has not referred to any statute or rule which would allow this court to hear the issues raised. This court therefore concludes that it lacks jurisdiction, in the criminal case, to grant the relief sought by Petitioner.

This court concludes that Petitioner is seeking relief that he can only obtain through 28 U.S.C. § 2255. Therefore, Petitioner's Motion can only properly be construed as a Motion Pursuant to 28 U.S.C. § 2255 to vacate, set side or correct the sentence. A postconviction motion that is

---

[1] Petitioner filed a notice of appeal, and the Seventh Circuit Court of Appeals affirmed this court's judgment on September 22, 2006. United States v. James, 464 F.3d 699 (7th Cir. 2006) (mandate recalled and reissued on September 5, 2008). On December 26, 2007, Petitioner filed a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 in Case No. 07-CV-2247. Petitioner's Motion was denied in an Opinion entered on August 18, 2008.

functionally, substantively, a motion under § 2255 should be treated as such, even if labeled differently. United States v. Henderson, 264 F.3d 709, 710 (7th Cir. 2001), citing United States v. Evans, 224 F.3d 670 (7th Cir. 2000).

Accordingly, pursuant to Castro v. United States, 540 U.S. 375, 383 (2003), this court is now advising Petitioner of this court's intent to characterize the Motion as one under § 2255 and warns Petitioner that this characterization will subject this Motion, and any subsequent § 2255 motion, to the restrictions applicable to second or successive § 2255 motions (see 28 U.S.C. § 2255(h)). This court further advises Petitioner that he has the opportunity to withdraw the Motion, if he does not want it to be considered a Motion under § 2255, or to amend it to include every § 2255 claim that he believes that he has. Castro, 540 U.S. at 383; see also Nolan v. United States, 358 F.3d 480, 482 (7th Cir. 2004).

IT IS THEREFORE ORDERED THAT:

(1) Petitioner's Motion will be construed by this court as a Motion Pursuant to 28 U.S.C. § 2255. Petitioner is allowed thirty (30) days from the date of this Opinion to withdraw his Motion if he does not want to proceed under 28 U.S.C. § 2255 or to amend his Motion to include every § 2255 claim that he believes that he has.

(2) If Petitioner does not withdraw or amend his Motion, the Government is allowed until December 14, 2009, to file its Response to Petitioner's Motion. If Petitioner amends his Motion within 30 days, the Government is allowed 30 days from the date of the amended Motion to file its Response.

ENTERED this 13th day of November, 2009

       **s/ Michael P. McCuskey**
       MICHAEL P. McCUSKEY
       CHIEF U.S. DISTRICT JUDGE